UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAINA D. STANLEY,  )<br>    Plaintiff  )<br>  )<br>v.  )<br>  )<br>A BETTER WAY WHOLESALE  )<br>AUTOS, INC.  )<br>    Defendant  )<br>_____ ) | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>JULY 20, 2017 |

## **COMPLAINT**

### I.  INTRODUCTION

1. This is an action brought by a consumer against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

### II.  PARTIES

2. Plaintiff, Shaina D. Stanley, is a consumer residing in New Haven, Connecticut.

3. Defendant, A Better Way Wholesale Autos, Inc. ("ABW"), is a Connecticut corporation and is licensed to operate an automobile dealership in Naugatuck, Connecticut.

### III.  JURISDICTION

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640 and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over ABW because it is located in Connecticut and is organized under Connecticut law.

6. Venue in this Court is proper because all of the parties are located in this state and the transaction occurred in this state.

## IV.  FACTUAL ALLEGATIONS

7. Prior to February 10, 2017, Plaintiff saw an advertisement for a 2011 Mazda Tribute (the "Vehicle") for sale at ABW for a price of $5,495.  The advertisement did not include a dealer conveyance fee.

8. Plaintiff went to ABW on February 10, 2017 to see the Vehicle and she met with a salesperson Amy Castiello ("Amy").

9. ABW told Plaintiff that the vehicle's warranty included free oil changes for the lifetime of the Vehicle.

10. Plaintiff agreed to purchase the Vehicle and she paid a deposit of $2,000 to ABW.

11. ABW prepared a Purchase Order that listed a sale price of $5,495, and included charges for a dealer conveyance fee of $598, a VIN etch fee of $198, an oil changes for life contract of $599, and GAP Insurance of $895.

12. The charge for the oil changes for life contract on the Purchase Order was misaligned and a line ran through the charge, and it was obscured and not easily noticed, and Plaintiff was unaware that she was charged for this contract.

13. ABW did not provide Plaintiff with the option to decline the VIN etching fee.

14. Plaintiff financed the balance of $6,362.52 pursuant to a Retail Installment Contract (the "Contract").

15. The Contract included a charge of $895 for GAP coverage, even though Plaintiff neither requested nor desired this service.

16. GAP is sold as an addendum to a finance agreement and provides that, in the event that a vehicle is stolen or totaled, the creditor will accept insurance proceeds in full satisfaction of the outstanding indebtedness even if those proceeds are less than the amount owed.

17. The GAP coverage charge was mandatory and required by ABW as a condition of purchasing the vehicle. This charge would not have been imposed in a cash transaction for the Vehicle, because GAP, by its nature, is sold only in financed transactions.

18. ABW compelled the purchase of GAP, even though it knew that Plaintiff would not receive any benefit from the GAP coverage because the amount financed was substantially below the Vehicle's book value.

19. The oil changes for life contract was included in the Contract as part of the cash price of the Vehicle and was not separately itemized within the amount financed.

### V.  CAUSES OF ACTION

### A.  TRUTH IN LENDING ACT

43. ABW violated TILA by including the cost of the oil changes for life contract as part of the cash price of the Vehicle and by not separately itemizing it within the amount financed.

44. ABW further violated TILA by requiring that Plaintiff purchase GAP as a condition of financing the transaction and by refusing to remove the GAP upon

Claimant's request after she had executed the contract documents but prior to consummation of the transaction.

45. ABW is liable to Plaintiff for actual damages plus additional statutory damages of $2,000 and attorney's fees and costs.

### B. CONNECTICUT UNFAIR TRADE PRACTICES ACT

46. ABW violated CUTPA in the following ways:

   a. The violations of TILA as aforesaid;

   b. It advertised the sale of the Vehicle for $5,495, a price that was significantly lower than the book value for the vehicle, without including the disclosure required by Conn. Gen. Stat. § 14-62a regarding the dealer conveyance fee;

   c. It added the VIN etch fee of $198 to the price of the Vehicle without providing the Plaintiff with an option of whether to pay for the VIN etching, in violation of Conn. Gen. Stat. § 14-99h;

   d. It charged a rate for a VIN etching fee that was not reasonable in violation of Conn. Gen. Stat. § 14-99h(c);

   e. It charged more for VIN etching than the amount contained in the most recent schedule that ABW filed with the Commissioner of the Department of Motor Vehicles in violation of Conn. Gen. Stat. § 14-99h(c);

   f. It falsely told Plaintiff that the warranty included free oil changes for the lifetime of the Vehicle, when there was a separate charge for oil changes;

4

    g.    It collected a deposit of $2,000 and obligated Plaintiff to commit to the transaction by executing a purchase order that did not include the information required by Conn. Gen. Stat. §§ 14-62(a)(3) and (5);

    h.    It added a charge for a GAP addendum to the retail installment contract even though Plaintiff neither requested nor desired the GAP coverage and despite the fact that it knew the Plaintiff would receive no benefit from the GAP, and then refused to permit Plaintiff to cancel the GAP coverage even though the GAP Addendum explicitly provides for cancellation upon request;

    i.    It charged Plaintiff for an oil changes for life contract when she had not requested and did not desire the contract; and misrepresented the nature of the contract by telling Plaintiff she was receiving "free" oil changes as part of her warranty;

    j.    It obscured the charge for the oil changes for life contract on the Purchase Order due to misalignment; and

    k.    It included the charge for the oil changes for life contract on the retail installment contract a part of the cash price of the Vehicle.

47.    ABW's conduct, as aforedescribed, was deceptive and unfair and in violation of CUTPA, and it has caused Plaintiff to suffer ascertainable losses and damages in that she purchased add-on products that she did not need or desire, and she paid additional sales tax and finance charges on these additional products.

48.    ABW is liable to the Plaintiff for her actual damages plus punitive damages and a reasonable attorney's fee and costs.

Wherefore, Plaintiff claims actual damages, statutory damages of $2,000, punitive damage, and attorney's fees and costs.

          PLAINTIFF, SHAINA STANLEY,

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457